

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00072-CR

———————————————

CARLOS TOPPS, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 211th District Court
Denton County, Texas
Trial Court No. F18-755-211

Before Birdwell, J.; Sudderth, C.J.; and Gabriel, J.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Carlos Topps appeals from his conviction by a jury for the state jail felony of possession of less than one gram of a controlled substance in Penalty Group 1 and the resulting enhanced four-year sentence. *See* Tex. Health & Safety Code Ann. § 481.115(a), (b); Tex. Penal Code Ann. §§ 12.34(a), 12.425(a). We affirm.

Topps's court-appointed appellate counsel has filed a motion to withdraw and a brief under *Anders v. California*, representing that this case presents no nonfrivolous grounds for appeal. 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for relief. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–12 (Tex. Crim. App. 2008) (orig. proceeding). Counsel also complied with the requirements set forth in *Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Although we too informed Topps of his right to request a copy of the appellate record and file a pro se response, he has not done so. Likewise, the State has not filed a brief.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we must independently examine the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record. We have determined that the judgment should be modified so that the special finding at the top of page 3 accurately reflects the jury's finding in the punishment charge. The jury found that before committing this possession offense, Topps had been finally convicted of two prior state jail felonies. *See* Tex. Penal Code Ann. § 12.425(a). This enhancement increased the punishment range for the possession offense to that of a third degree felony.[1] *See id.* But the judgment inaccurately states that Topps had been convicted of the second prior state jail felony after the first became final. *See id.* § 12.425(b) (providing for enhancement of punishment range for state jail felony to range for second degree felony if defendant has been previously convicted of two prior felonies other than state jail felonies and the second conviction became final after the first). Not only does the special finding in the judgment conflict with the jury's finding, it is inaccurate because Topps was convicted of both state jail felonies on the same day, July 8, 2016.

---

[1]Counsel notes in his brief that Topps pleaded true to both enhancement allegations even though the prior convictions were for state jail felonies that were punished under the range for Class A misdemeanors; counsel suggests that these offenses were ineligible for enhancement but that Topps waived any objection. *See* Tex. Penal Code Ann. § 12.44(a). But even if Topps did not forfeit such a complaint by pleading true, the reduction in the punishment range of both prior offenses did not affect their eligibility for enhancement of this offense because they remained "punishable" as state jail felonies under Penal Code Section 12.35(a). Tex. Penal Code Ann. § 12.425(a); *cf. Samaripas v. State*, 454 S.W.3d 1, 8 & n.5 (Tex. Crim. App. 2014) (noting in a different context that legislature's use of "punished as" versus "punishable as" signals a significant distinction and that only "punished as" refers to how the offense was actually punished).

3

We therefore modify the wording of the special finding at the top of page 3 of the judgment to read as follows:

> THE COURT FURTHER FINDS that before the commission of the offense alleged in paragraph one of the indictment, on the 8th day of July, 2016, in cause number F-1460401-U, in Dallas County, Texas, the defendant was finally convicted of the felony of Fraudulent Use or Possession of Identifying Information 5 Items or Less in the 291st Judicial District Court; and before the commission of the offense alleged in paragraph one of the indictment, the defendant was finally convicted of the felony of Attempted Possession of a Controlled Substance on the 8th day of July, 2016, in Dallas County, Texas, in cause number F1572307-U, in the 291st District Court.

*See* Tex. R. App. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Hopper v. State*, 483 S.W.3d 235, 240–41 (Tex. App.—Fort Worth 2016, pet. ref'd).

Except for the modification to the judgment, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that might arguably support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment as modified.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 7, 2019

4